IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRIS L. SCHWEERS, ) | |
| ) | 4:06CV3227 |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND ORDER |
| ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

This is an action for judicial review of a final decision of the Secretary of Health and Human Services. Jurisdiction of this court is pursuant to 42 U.S.C. § 405 (g). Plaintiff filed for disability benefits on October 24, 2003, but the Social Security Administration denied his application. An Administrative law judge (ALJ) conducted a hearing on November 22, 2005, wherein he found plaintiff not disabled. The Appeals Council affirmed this decision on appeal. The court has carefully reviewed the record in this case and concludes the decision of the Secretary is supported by substantial evidence and should be affirmed.

**BACKGROUND**

Plaintiff worked as a farmer-logger and has a high school education and two years of college. On October 31, 2002, at the age of 37, a tree branch fell on plaintiff, and he received back, ankle, and head injuries. He had surgery on the ankle and his doctor ordered three weeks of bed rest. There was also evidence of brain injury. Plaintiff participated in an inpatient rehabilitation program and was discharged in December 2003. In January 2003, plaintiff reported mild memory and personality changes and headaches to Dr. Nelson-Himmler. Dr. Ralph Reeder recommended no work for three additional months. In February 2004, John E. Meyers, Psy. D., a clinical neuropsychologist, tested

plaintiff and found him to be in the borderline range. Plaintiff's immediate recall for verbal information was in the low average range, while his delayed recall was average. Most of his other scores appear to have been in the average range. Dr. Meyers concluded that the overall level of performance was in the low average range. Tr. at 310. Dr. Meyers determined that plaintiff's memory, ability to follow instructions, and understanding were average. Tr. at 311. Dr. Meyers further determined that plaintiff could perform unskilled work. Tr. at 313. By mid-April, 2003, Dr. Meyers determined that plaintiff was showing physical improvement and could advance to sitting duty. From April to mid-July, plaintiff continued to receive therapy treatment and even reported going fishing on three occasions. By October 13, 2003, Dr. Reeder determined plaintiff had reached his maximum improvement regarding his T2-T-3 compression fracture. Dr. Reeder concluded that plaintiff had a 19 percent whole body impairment, and Dr. Reeder suggested a work-hardening program. Tr. at 299. In November 2003, Dr. Meyers conducted a neuropsychological evaluation.

On February 24, 2004, plaintiff underwent a functional capacity evaluation conducted by Terry Nelson, P.T. The results showed plaintiff could work a light-medium physical demand job. Tr. at 393. On April 6, 2005, Dr. Leonal H. Herrera, a consultative doctor, examined plaintiff. He noted that plaintiff could watch television, perform household chores, and fish. All of plaintiff's fractures had healed, and Dr. Herrera concluded that plaintiff's complaints of pain did not mirror the objective findings. Tr. at 415. Dr. Hererra stated that plaintiff could perform light-medium jobs. On May 25, 2005, Dr. Hattan, who treated plaintiff since the onset of his disability, filled out a questionnaire and concluded that plaintiff is disabled. Dr. Hattan did not perform a formal functional assessment. He

indicated plaintiff could work a four-hour day, up to three days a week, but could only sit, stand or walk an hour out of an eight-hour day. Dr. Hattan stated that plaintiff would have to walk around every ten to twelve minutes for six to eight minutes at a time. Dr. Hattan also found plaintiff had some postural limitations. Tr. at 416-20. Dr. Hattan noted that he was not a disability specialist and this was only his opinion. *Id.* at 421.

The ALJ conducted a hearing on May 4, 2005. Plaintiff testified that he had neck, shoulder and ankle pain. He stated he could walk four blocks or stand thirty minutes before he had to sit down. He also testified that he was mentally slower and driving caused hand numbness. He stated he could lift up to twenty pounds, crouch, squat, kneel and slowly walk up or down stairs. He also swept his floors, washed his clothes, did dishes and went fishing. Plaintiff testified that he still has numbness in his hands, migraine headaches which require medication, and problems twisting or walking due to pain in his neck, back and shoulders. His ankles swell and he cannot lift more than twenty pounds. He must climb stairs slowly. He is mentally slower and has trouble completing processes. Plaintiff stated he rests on the couch about five hours per day. Plaintiff's friend, Billy Jo Conrad, noted that plaintiff is not the same physically or mentally since the accident.

Dr. William Tucker, a vocational expert, when asked to presume plaintiff's age, education, work history, and ability to lift ten to fifteen pounds routinely, presume an ability to sit for six hours, presume an ability to stand or walk for six hours and occasionally bend or squat, presume that plaintiff could only perform simple, routine tasks, and plaintiff could not work at unprotected heights, and presume plaintiff would need limited public contact and some supervision, testified that plaintiff could work as an inspector and hand packager, molding machine operator and folder of laundry. Tr. 457-58.

**STANDARD OF REVIEW**

A disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. A claimant is disabled when the claimant is "not only unable to do his previous work but cannot, considering . . . his age, education and work experience, engage in any other kind of substantial gainful work which exists in [significant numbers in] the national economy . . . either in the region in which such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

An ALJ evaluates a disability claim according to a five-step sequential analysis prescribed by Social Security regulations. The ALJ examines

> any current work activity, the severity of the claimant's impairments, the claimant's residual functional capacity and age, education and work experience. *See* 20 C.F.R. § 404.1520(a); *Braswell v. Heckler*, 733 F.2d 531, 533 (8th Cir. 1984). If a claimant suffers from an impairment that is included in the listing of presumptively disabling impairments (the Listings), or suffers from an impairment equal to such listed impairment, the claimant will be determined disabled without considering age, education, or work experience. *See Braswell*, 733 F.2d at 533. If the Commissioner finds that the claimant does not meet the Listings but is nevertheless unable to perform his or her past work, the burden of proof shifts to the Commissioner to prove, first, that the claimant retains the residual functional capacity to perform other kinds of work, and second, that other such work exists in substantial numbers in the national economy. *See Nevland v. Apfel*, 204 F.3d 853, 857 (8th Cir. 2000). A claimant's residual functional capacity is a medical question. *See id.* at 858.

*Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000).

When reviewing the decision not to award disability benefits, the district court does not act as a fact-finder or substitute its judgment for the judgment of the ALJ or the

4

Commissioner. *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995). Rather, the district court will affirm the Commissioner's decision to deny benefits if it is supported by substantial evidence in the record as a whole. *Eback v. Chater*, 94 F.3d 410, 411 (8th Cir. 1996). Under this standard, substantial evidence means something "less than a preponderance" of the evidence, *Kelley v. Callahan*, 133 F.3d 583, 587 (8th Cir. 1998), but "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Ellison v. Sullivan*, 921 F.2d 816, 818 (8th Cir.1990). "Substantial evidence is that which a reasonable mind would find as adequate to support the ALJ's decision." *Brown v. Chater*, 87 F.3d 963, 964 (8th Cir. 1996) (citing *Baumgarten v. Chater*, 75 F.3d 366, 368 (8th Cir. 1996)).

In determining whether the evidence in the record as a whole is substantial, the court must consider "evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999) (internal citations omitted). If the court finds that the record contains substantial evidence supporting the Commissioner's decision, the court may not reverse the decision because the record also contains substantial evidence that supports a different outcome or because the court would have decided the case differently. *Holley v. Massanari*, 253 F.3d 1088, 1091 (8th Cir. 2001).

In the case before me, it is clear that the plaintiff cannot return to his previous work as a construction worker, farmer or logger.

**DISCUSSION**

*A. Treating Physician*

Error exists when an ALJ fails to consider or discuss a treating physician's opinion that a claimant is disabled when the record contains no contradictory medical opinion.

*Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001).  "[A] treating physician's opinion regarding an applicant's impairment will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.'" *Prosch v. Apfel*, 201 F.3d 1010, 1012-1013 (8th Cir. 2000) (*quoting* 20 C.F.R. § 404.1527(d)(2) (2006)).  The ALJ may discount or disregard such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions.  *Hogan v. Apfel*, 239 F.3d at 961.  An ALJ cannot substitute his opinion for the medical opinions.  *Ness v. Sullivan*, 904 F.2d 432, 435 (8th Cir. 1990).

Plaintiff contends that the ALJ failed to adequately consider Dr. Hattan's opinion.  Further, plaintiff argues the ALJ substituted his opinion for the treating doctor.  Defendant disagrees, arguing that Dr. Hattan's opinion was not based on a functional analysis or objective medical evidence.  Further, defendant argues that the other medical evidence is inconsistent with the opinions of Dr. Hattan.  In addition, argues defendant, Dr. Hattan treated plaintiff for his general medical care, not for his disabilities.

The court generally agrees with the defendant.  Both examining physicians, Dr. Meyers and Dr. Herrera stated that plaintiff could perform unskilled light-medium work.  Tr. at 313, 415.  Dr. Meyer and Dr. Reeder found a 19 percent whole body impairment, and told plaintiff to proceed with full activities.  Tr. 299, 301.  The court finds the ALJ considered the opinion of the treating physicians and discounted them to the extent they were not supported by the record.  Dr. Hattan admitted he was not qualified to make disability decisions and that he did not base his opinion on any functional test analysis.  *Id.* at 421.

Accordingly, the ALJ was entitled to give Dr. Hatten's opinion less weight.

### B.  Subjective complaints

The standard in the Eighth Circuit for evaluating a claimant's subjective complaints of pain in Social Security cases is *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). According to the Eighth Circuit, an ALJ may not disregard a plaintiff's subjective complaints solely because the objective medical evidence does not fully support them:

> Absence of objective medical basis supporting the degree of severity of disability claimant's subjective complaints alleged is just one factor to be considered in evaluating credibility of testimony and complaints; [ALJ] must give full consideration to all of the evidence presented relating to subjective complaints, including the [plaintiff's] prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the [plaintiff's] daily activities;
> 2. the duration, frequency and intensity of the pain;
> 3. precipitating and aggravating factors;
> 4. dosage, effectiveness and side effects of medication;
> 5. functional restrictions.
>
> The [ALJ] is not free to accept or reject the [plaintiff's] subjective complaints *solely* on the basis of personal observations.  Subjective complaints may be discounted if there are inconsistencies in the record as a whole.  (Emphasis in original.)

*Polaksi v. Heckler*, 739 F.2d at 1322).  "Pain is recognized as disabling when it is not remedial and precludes claimant from engaging in form of substantial gainful activity; mere fact that working may cause pain or discomfort does not mandate finding of disability." *Cruse v. Bowen*, 867 F.2d 1183, 1186 (8th Cir. 1989).

"Not all pain reaches a level [at] which is disabling.  The claimant's level of care is not consistent with an individual who alleges the severity of her complaints." *Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir. 1987).  "While the ALJ may not discount [a Social

7

Security disability claimant's] complaints solely because they are not fully supported by objective medical evidence, a [claimant's] complaints may be discounted based on the inconsistencies in the record as a whole." *Ellis v. Barnhart*, 392 F.3d 988, 996 (8th Cir. 2005). "Allegations of disabling pain" made by claimant seeking Social Security disability benefits "may be discredited by evidence that claimant has received minimum medical treatment and/or has taken only occasional pain medication." *Kelley v. Callahan,* 133 F.3d 583, 589 (8th Cir. 1998).

Plaintiff argues the ALJ disregarded his complaints of pain and other subjective symptoms. The defendant contends that plaintiff had no permanent brain injury. His ankle healed as did his back. Plaintiff testified as to his activities and testified that medication, ice, and heat help his pain. The court reviewed the record and has determined that the ALJ did in fact consider the plaintiff's subjective complaints. The ALJ found them to be somewhat inconsistent with plaintiff's activities and the medical evidence. The ALJ is entitled to discredit these inconsistent complaints. *Ellis*, 392 F.3d at 396. We defer to the credibility findings made by the ALJ when plaintiff's complaints are inconsistent or not totally credible. *Gulliam v. Barnhart*, 393 F.3d798, 801 (8th Cir. 2005). The court finds substantial evidence in the record as a whole to support this finding by the ALJ.

### C. Vocational Expert

To assist an ALJ making a disability determination, a vocational expert (VE) is many times asked a hypothetical question to help the ALJ determine whether a sufficient number of jobs exist in the national economy that can be performed by a person with a similar RFC to the claimant. "A hypothetical question is properly formulated if it incorporates impairments 'supported by substantial evidence in the record and accepted as true by the

8

ALJ.'"  *Guilliams v. Barnhart*, 393 F.3d 798, 804 (8th Cir. 2005) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)).  "[A] vocational expert's responses to hypothetical questions posed by an ALJ constitutes substantial evidence only where such questions precisely set forth all of the claimant's physical and mental impairments."  *Wagoner v. Bowen*, 646 F. Supp. 1258, 1264 (W.D. Mo. 1986) (citing *McMillian v. Schweiker*, 697 F.2d 215, 221 (8th Cir.1983)).  Courts apply a harmless error analysis during judicial review of administrative decisions that are in part based on hypothetical questions.  For judicial review of the denial of Social Security benefits, an error is harmless when the outcome of the case would be unchanged even if the error had not occurred.  *See Brueggemann v. Barnhart*, 348 F.3d 689, 695 (8th Cir. 2003).  A VE's testimony may be considered substantial evidence "only when the testimony is based on a correctly phrased hypothetical question that captures the concrete consequences of a claimant's deficiencies," *Taylor v. Chater*, 118 F.3d 1274, 1278 (8th Cir. 1997) (*citing to Porch v. Chater*, 115 F.3d 567, 572-73 (8th Cir. 1997), *and Pickney v. Chater*, 96 F.3d 294, 297 (8th Cir. 1996)).

Defendant argues that the functional analysis supports the findings of the vocational expert.  The ALJ posed a question to the VE that assumed most of the plaintiff's objective and some of his subjective complaints.  Tr. at 456-61.  The court finds the hypothetical correctly included plaintiff's physical and mental impairments as supported by the evidence.  The VE concluded that jobs existed at both the light and sedentary levels that could be performed by plaintiff, given his subjective and objective symptoms.  Accordingly, the court finds the hypothetical questions and answers constitute substantial evidence to support the findings of the ALJ.  *See Hillier v. Social Security Admin.*, 2007 WL 1412404 (8th Cir. May 15, 2007).

THEREFORE, IT IS ORDERED that the decision of the defendant is affirmed. A separate judgment shall be entered in conjunction with this memorandum and order.

DATED this 24th day of May, 2007.

BY THE COURT:


**s/ Joseph F. Bataillon**
Chief Judge